## UNITED STATES DISTRICT COURT
## FOR DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUSAN GALICIA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br><br>RECOVERY MANAGEMENT SOLUTIONS, LLC,<br><br>Defendants. | Civil Case Number:<br><br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff SUSAN GALICIA (hereinafter, "Plaintiff"), a New Jersey resident, brings this class action complaint by and through the undersigned attorneys, against Defendant RECOVERY MANAGEMENT SOLUTIONS, LLC (hereinafter "Defendant" or "RMS"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15

U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

3. The rights and obligations established by section 15 U.S.C. § 1692g were considered by the Senate at the time of passage of the FDCPA to be a "significant feature" of the Act. See *S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1696.*

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

6. Plaintiff brings this action individually and on behalf of a class of New Jersey consumers seeking redress for Defendant's actions of using false, deceptive and misleading representation or means in connection with the collection of an alleged debt.

7. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in false, deceptive or misleading practices.

8. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

9. Plaintiff is a natural person and a resident of the County of Monmouth, State of New Jersey and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

10. Defendant Recovery Management Solutions, LLC is a collection agency with its registered agent located at 403 Main Street, Suite 528, Buffalo, New York 14203.

11. Upon information and belief, Defendant is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

12. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

13. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

14. Some time prior to October 17, 2017, an obligation was allegedly incurred to AA Bail Bonds Inc.

15. The alleged AA Bail Bonds Inc. obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16. The alleged AA Bail Bonds Inc. obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

17. AA Bail Bonds Inc. is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

18. Defendant contends that the AA Bail Bonds Inc. debt is past due.

19. Defendant is a company that uses mail, telephone or facsimile in a business the principal

purpose of which is the collection of debts, or that regularly collects or attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors.

20. AA Bail Bonds Inc. was later sold or assigned to the Defendant for collections.

21. On or about October 17, 2017, the Defendant caused to be delivered to the Plaintiff an initial collection letter in an attempt to collect the alleged AA Bail Bonds Inc. debt. *See* **Exhibit A.**

22. The October 17, 2017 letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

23. The October 17, 2017 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

24. The Plaintiff received and read the Letter sometime after October 17, 2017.

25. The Letter stated in part:

    "The legal outsourcing department at RMS is handling the collection of this debt."

26. The Letter further provided the Plaintiff with her validation rights, notifying her that she has 30 days from receipt of the notice to dispute the validity of the debt.

27. Upon information and belief, no "legal outsourcing department at RMS" exists.

28. Upon information and belief, Defendant mentions a legal outsourcing department with the intention of putting unnecessary fear in the Plaintiff.

29. Plaintiff, a least sophisticated consumer, read the above statement and believed that her account was with an attorney and that litigation was imminent.

30. By falsely representing that the Plaintiff's account was being handled by the legal outsourcing department, the Defendant violated various provisions of the FDCPA and harmed the Plaintiff.

31. On or about October 17, 2017, Defendant began a campaign of calling Plaintiff in an attempt to collect the alleged debt.

32. As part of this campaign, the Defendant left several voicemails, including on October 17, 2017, October 20, 2017, and November 16, 2017, and on each voicemail failed to identify themselves as a debt collector.

33. Pursuant to the FDCPA, a debt collector is in violation if it fails to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose and the failure to disclose in subsequent communications that the communication is from a debt collector. See 15 U.S.C. §1692e(11).

34. Additionally, on those voicemails Defendant again reiterated falsely that they were calling from a legal department and that the threat of litigation and wage garnishment were imminent.

35. As these calls were made within the Plaintiff's validation period, Defendant illegally overshadowed Plaintiff's validation rights.

36. On October 24, 2017, the Plaintiff received another phone call from the Defendant during Plaintiff's working hours of 9:00am-5:00pm.

37. The Plaintiff answered the October 24, 2017 call and was informed by the Defendant that non-payment of the alleged debt would result in litigation and wage garnishment.

38. Upon information and belief, no litigation or wage garnishment was imminent. In fact, pursuant to New Jersey law, a creditor cannot garnish wages without a valid judgment, and no such judgment existed.

39. Plaintiff notified the Defendant that it was inconvenient for them to call while she was at work, and to not call during work hours.

40. Despite Plaintiff's request, Defendant again called the Plaintiff during work hours on November 16, 2017.

41. The voicemails and phone calls described in the paragraphs above were made or caused to be made by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

42. The voicemails and phone calls described in the paragraphs above are "communications" as defined by 15 U.S.C. §1692a(2).

43. Defendants could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

44. Defendants conduct caused the Plaintiff real harm.

## CLASS ALLEGATIONS

45. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class") consisting of: a) All consumers who have an address in Monmouth County, New Jersey b) who were sent a collection letter from the Defendant c) attempting to collect a consumer debt  d) which states "The legal outsourcing department at RMS is handling the collection of this debt" (e) when no such legal outsourcing department existed (f) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

46. The identities of all class members are readily ascertainable from the records of

Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

47. Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

48. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. § 1692e.

49. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

50. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

51. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   (a) **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. § 1692e.

(c) **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are averse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

52. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff

Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

53. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

**COUNT I**
***INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED***
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e** *et seq.*

54. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

55. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

56. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, misleading and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

57. The Defendants violated said section in its letter to the Plaintiff by:

   a. Using a false, deceptive, and misleading representations or means in connection with the collection of a debt;

   b. Making a false representation of the legal status of an alleged debt in

       violation of 1692e(2)(A);

  c. Making a false representation or implication that any individual is an attorney in violation of 1692e(3);

  d. Making a false representation or using deceptive means to collect a debt in violation of 1692e(10).

58. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### *INDIVIDUALLY*
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692c *et seq.*

59. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

60. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c.

61. Pursuant to 15 U.S.C. § 1692c(a)(1), a debt collector may not communicate with a consumer at an inconvenient time or place.

62. The Defendants violated said section in its communications to the Plaintiff by contacting the Plaintiff during the Plaintiff's work hours, after being notified that that time and place was inconvenient for the Plaintiff.

63. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's

conduct violated Section 1692c *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### *INDIVIDUALLY*
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692d *et seq.*

64. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

65. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

66. Pursuant to 15 U.S.C. § 1692d(1), a debt collector use or threaten to use criminal means to harm the property of any person.

67. The Defendants violated said section by threatening to garnish the Plaintiff's wages, when they had no legal right to do the same.

68. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692d *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT IV
### *INDIVIDUALLY*
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

69. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

70. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

71. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, misleading and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

72. The Defendants violated said section in its communications to the Plaintiff by:

   a. Using a false, deceptive, and misleading representations or means in connection with the collection of a debt;

   b. Making a false representation of the legal status of an alleged debt in violation of 1692e(2)(A);

   c. Making a false representation that nonpayment of the alleged debt would result in wage garnishment in violation of 1692e(4);

   d. Threatening to take action that cannot legally be taken or that is not intended to be taken in violation of 1692e(5);

   e. Making a false representation or using deceptive means to collect a debt in violation of 1692e(10).

   f. Failing to disclose in the initial communication that the debt collector is attempting to collect a debt and that any information obtained will be used

for that purpose, and failing to disclose in subsequent communication that the debt collector is attempting to collect a debt.

73. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT V
### *INDIVIDUALLY*
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

74. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

75. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

76. Pursuant to 15 U.S.C. § 1692g(b), a debt collector may not make any use of any collection activities and/or communications during the 30 day validation period that overshadows or is inconsistent with the disclosure of the consumer's right to dispute the debt.

77. The Defendants violated said section in its communications to the Plaintiff by threatening to sue and garnish the Plaintiff's wages during the Plaintiff's 30 day validation period.

78. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's

conduct violated Section 1692g *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY·

79. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby request a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and undersigned as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  November 20, 2017

                By:      /s/ Ari H. Marcus
                         Ari H. Marcus, Esq.
                         MARCUS & ZELMAN, LLC
                         1500 Allaire Avenue, Suite 101
                         Ocean, New Jersey 07712
                         Phone: (732) 695-3282
                         Facsimile: (732) 298-6256

Email: ari@marcuszelman.com
*Attorneys for Plaintiff*

Case 3:17-cv-11851-MAS-TJB Document 1 Filed 11/20/17 Page 16 of 16 PageID: 16