**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

SUSAN GALICIA, *individually and on behalf of all others similarly situated*,

    Plaintiff,

v.

RECOVERY MANAGEMENT SOLUTIONS, LLC,

    Defendant.

Civil Action No. 17-11851 (MAS) (TJB)

**MEMORANDUM ORDER**

**SHIPP, District Judge**

    This matter comes before the Court upon Defendant Recovery Management Solutions, LLC's ("Defendant") motion to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 10.) Plaintiff Susan Galicia ("Plaintiff") filed opposition (ECF No. 13), and Defendant filed a reply (ECF No. 14). Subsequently, Plaintiff filed sur-reply correspondence (ECF No. 15), and Defendant filed a response to the sur-reply correspondence (ECF No. 16). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Defendant's Motion to Dismiss and Plaintiff's request to amend the Complaint are granted.

**I.    Background[1]**

    On November 20, 2017, Plaintiff filed a Complaint against Defendant (*see generally* Compl., ECF No. 1), which she later amended on December 13, 2017 (*see generally* Am. Compl.,

---

[1] For the purposes of this motion to dismiss, the Court accepts as true and summarizes the facts alleged in the Amended Complaint. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

Bonds Inc." that was later sold or assigned to Defendant. (*Id.* ¶¶ 14, 20.) Plaintiff alleges violations of the Fair Debt Collection Practices Act ("FDCPA") both individually and, as to some counts, on behalf of a putative class, against Defendant for its alleged debt collection efforts, which included correspondence and telephone calls. (*Id.* ¶¶ 21-42.)

## II. Legal Standard

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). On a motion to dismiss for failure to state a claim, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must "[review] the complaint to strike conclusory allegations[.]" *Id.* The court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff[.]" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). In doing so, however, the court is free to ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim

"allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678).

## III. <u>Discussion</u>

The FDCPA provides a remedy for consumers "who have been subjected to abusive, deceptive, and unfair debt collection practices by debt collectors." *Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163, 1167 (3d Cir. 1987). To state a claim under the FDCPA, a plaintiff must establish that:

> (1) he or she is a 'consumer' who is harmed by violations of the FDCPA; (2) the 'debt' arises out of a transaction entered into primarily for personal, family, or household purposes; (3) the defendant collecting the debt is a 'debt collector'; and (4) the defendant has violated, by act or omission, a provision of the FDCPA.

*Grant v. JPMorgan Chase Bank, N.A.*, No. 12-06248, 2013 WL 1558773, at *2 (D.N.J. Apr. 10, 2013) (quoting *Berk v. JPMorgan Chase Bank, N.A.*, No. 11-2715, 2011 WL 4467746, at *3 (E.D. Pa. Sept. 26, 2011) (citing 15 U.S.C. §§ 1692a-o)).

As noted above, the threshold requirement for application of the FDCPA "is that the prohibited practices are used in an attempt to collect a 'debt.'" *Zimmerman*, 834 F.2d at 1167. Debt is defined by the FDCPA as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 400 (3d Cir. 2000) (quoting 15 U.S.C. § 1692(a)(5)). "The scope of the [FDCPA, therefore,] is limited to those obligations to pay that which are defined as 'debts' under the FDCPA." *Krevsky v. Equifax Check Servs., Inc.*, 85 F. Supp. 2d 479, 480 (M.D. Pa. 2000) (quoting *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1324 (7th Cir. 1997)).

As an initial matter, the Court finds that Plaintiff's Amended Complaint fails to meet the pleading requirements of Federal Rule of Civil Procedure 8(a). The Amended Complaint is devoid

3

of any factual content about the debt that would allow the Court to draw the reasonable inference that Plaintiff can invoke the protections of the FDCPA. If not for the name of the entity involved, "AA Bail Bonds Inc.," there is no indication in the Amended Complaint that the debt is even a bail bond. Moreover, the briefing and correspondence provide additional, yet conflicting, information about the bail bond. Defendant attaches various exhibits to its motion, including Plaintiff's application to act as bail bond surety on behalf of a criminal defendant, Nicolas Walker ("Walker"). (Def.'s Moving Br. 3, ECF No. 10-3 (citing Aff. of Adam Kazmark, Ex. 2 at 11, ECF No. 10-4).)[2] Defendant observes that Walker's Bail Bond Application does not list Plaintiff as an immediate family member and Walker and Plaintiff do not seem to reside at the same address. (*Id.* at 3-4 (citing Aff. of Adam Kazmark, Ex. 5 at 17, Ex. 7 at 21).) In opposition, Plaintiff states that Walker is her son. (Pl.'s Opp'n Br. 12, ECF No. 13.) After additional investigation, Plaintiff's counsel filed subsequent correspondence stating that Plaintiff previously incurred bail bond obligations as co-signor for both her son, William Villafuente, and Walker. (Pl.'s Correspondence 1, ECF No. 15.) Plaintiff purportedly co-signed for Walker as a favor to Maddie Walker—who the Court presumes is related to Walker—who was a co-signor for her son's bail bond. (*Id.*)

Regardless, the Court is not obligated to accept "assertions in a brief without support in the pleadings. After all, a brief is not a pleading." *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 232, (3d Cir. 2015) (citing *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013). Here, Plaintiff has made the type of "wholly unsupported and conclusory allegations [about the alleged debt] that

---

[2] Where documents are not consecutively numbered or lack pagination, the Court cites to the page numbers assigned by the electronic filing system.

4

require dismissal under Rule 12(b)(6)." *Grant*, 2013 WL 1558773, at *2 (D.N.J. Apr. 10, 2013).[3]

The Court, however, will permit Plaintiff another opportunity to amend. Accordingly,

IT IS on this 6th day of August 2018, **ORDERED** that:

1. Defendant's Motion to Dismiss (ECF No. 10) is **GRANTED**.

2. Plaintiff's request for leave to amend the Complaint is **GRANTED**. Plaintiff may file a Second Amended Complaint within thirty (30) days of this order. If Plaintiff fails to file a Second Amended Complaint by such deadline, the Complaint will be dismissed with prejudice.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
**UNITED STATES DISTRICT JUDGE**

---

[3] The Amended Complaint also states that after Plaintiff filed the Complaint, despite being aware that Plaintiff was represented by counsel, "a representative of AA Bail Bonds, Inc. showed up to the Plaintiff's house and informed her that she needed to sign a document on behalf of her son, which she did." (Am. Compl. ¶¶ 46-47.) Defendant argues that in this document, which it attached to its motion papers, Plaintiff released all claims against Defendant in exchange for forgiveness of her debt without payment. (Def.'s Moving Br. 8-11, ECF No 10-3.) Plaintiff responds and asserts that the release is unenforceable as against public policy. (Pl.'s Opp'n Br. 4-6, ECF No. 13.) The Court declines to address the import of the release at this time.

5