# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUSAN GALICIA, *individually and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>RECOVERY MANAGEMENT SOLUTIONS, LLC,<br><br>Defendant. | Civil Action No. 17-11851 (MAS) (TJB)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court upon Plaintiff Susan Galicia's ("Plaintiff") Motion to Set Aside Judgment and to Permit Plaintiff to File an Amended Complaint. (ECF No. 18.) Defendant Recovery Management Solutions, LLC ("Defendant") opposed. (ECF No. 19.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1.

## I. Background

This action arises out of "an obligation [that] was allegedly incurred to AA Bail Bonds Inc." that was later sold or assigned to Defendant. (Am. Compl. ¶¶ 14, 20, ECF No. 6; *see generally* Am. Compl.) Plaintiff alleged violations of the Fair Debt Collection Practices Act both individually and, as to some counts, on behalf of a putative class, against Defendant for its alleged debt collection efforts, which included correspondence and telephone calls. (*Id.* ¶¶ 60-88.) On August 6, 2018, the Court granted Defendant's Motion to Dismiss and provided leave for Plaintiff to file a Second Amended Complaint by September 5, 2018. (Aug. 6th Order, ECF No. 17.) Plaintiff did not file a Second Amended Complaint by the deadline. On September 14, 2018, Plaintiff filed the current motion.

## II. Discussion

Plaintiff moves for relief pursuant to Federal Rule of Civil Procedure Rule 60(b)(1), which provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect[.]" Plaintiff's counsel asserts excusable neglect based on a calendaring error. (Pl.'s Moving Br. 1, ECF No. 18-1.) In considering excusable neglect, the Court must weigh the following factors: (1) the danger of prejudice to the movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *In re Cendant Corp. PRIDES Litig.*, 235 F.3d 176, 182 (3d Cir. 2000) (citing *Pioneer Inv. Servs. v. Brunswick Assocs., Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

The Court's August 6, 2018 Order indicated that if Plaintiff failed to file a Second Amended Complaint within thirty days, the Complaint would be dismissed with prejudice. (Aug. 6th Order 5.) As of the date Plaintiff filed her motion, the Court had not entered an order dismissing the Complaint with prejudice but Plaintiff's deadline to file a Second Amended Complaint had passed. The Court, therefore, finds it appropriate to consider the excusable neglect factors. Here, the first factor weighs strongly in favor of relief because, absent relief, "Plaintiff's case [would] be dismissed forever." (Pl.'s Moving Br. 2.) As to the second factor, the length of the delay was relatively short and the impact on judicial proceedings inconsequential.[1] The Court, therefore, finds that the second factor weighs in favor of relief. With respect to the third factor, the reason for the delay—a calendaring error—was within the reasonable control of Plaintiff's counsel and weighs slightly against the requested relief. Finally, the Court finds the fourth factor

---

[1] The Court finds the cases cited by Defendant with respect to delays in filing appeals distinguishable from the facts of the present matter. (*See, e.g.*, Def.'s Opp'n Br. 5, ECF No. 19 (citing *Ragguette v. Premier Wines & Spirits*, 691 F.3d 315, 325-26 (3d Cir. 2012)).)

2

weighs neither for nor against relief. The Court does not find bad faith on the part of Plaintiff's counsel and counsel appeared to move in good faith to reopen the matter. Plaintiff's counsel, nevertheless, did not file a proposed form of Second Amended Complaint with the current motion or following submission of Defendant's opposition papers. After careful consideration, the Court finds that the excusable neglect factors overall weigh in favor of relief. The Court, accordingly, finds good cause to grant Plaintiff's motion.

### III. Order

Based on the foregoing, and for other good cause shown,

**IT IS** on this 29th day of April 2019, **ORDERED** that:

1. The Clerk's Office shall reopen this matter.

2. Plaintiff's Motion (ECF No. 18) is **GRANTED**.

3. Plaintiff may file a Second Amended Complaint by **May 29, 2019**. If Plaintiff fails to file a Second Amended Complaint by such deadline, the Amended Complaint will be dismissed with prejudice.

                                                          s/ Michael A. Shipp
                                                          **MICHAEL A. SHIPP**
                                                          **UNITED STATES DISTRICT JUDGE**